UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SHANNON SERRA,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.  1:19-CV-04076 |
| | ) |
| **LEADJEN, LLC and** | ) |
| **ACQUIRENT, LLC** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shannon Serra ("Serra"), by counsel, brings this action against Defendants, Leadjen, LLC ("Leadjen") and Acquirent, LLC ("Acquirent") (collectively "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et. seq.,* and the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.* Specifically, Defendants failed to pay Serra the overtime premium required by the FLSA. Defendants also discriminated against Serra because of her disability, terminated her employment because of her disability, refused to accommodate her disability and refused to engage in the interactive process.

## PARTIES

2. Serra is an individual who resides in Hamilton County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Serra was an

individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Serra, at all time relevant, was an 'employee' as defined 42 U.S.C.§12111(4). Moreover, Serra is disabled as that term is defined by the ADA.

3. At all relevant times Defendants were continuously doing business in the state of Indiana in Marion County and are employers as defined by 42 U.S.C. §12111(5)(A).

4. Leadjen, LLC is an Indiana limited liability company that conducts business and maintains offices in Marion County. Leadjen, LLC acted, directly or indirectly, in the interest of an employer with respect to Serra. Leadjen, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Acquirent, LLC is an Illinois limited liability company that conducts business in Indiana. Acquirent, LLC acted, directly or indirectly, in the interest of an employer with respect to Serra. Leadjen, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Leadjen, LLC is a subsidiary of Acquirent, LLC, and in most, if not all, marketing materials it is identified as "Leadjen an Acquirent LLC company." Acquirent, LLC's website markets employment opportunities for positions at Leadjen, LLC's Indianapolis office. Leadjen, LLC and Acquirent, LLC share common ownership, members and officers. Specifically, Joseph Flanagan is a Manager, the Chairman and CEO of Acquirent, LLC as well as a Manager and Member of Leadjen, LLC.

7. Leadjen, LLC and Acquirent, LLC were joint employers of Serra.

8. Leadjen, LLC and Acquirent, LLC are each, independently, an "enterprise" (each Defendant has an annual gross volume of sales made or business done in excess of $500,000.00) as that term is defined under the FLSA, 29 USC § 203(r).

Defendants operated as Serra's employer in the state of Indiana.  Defendants operated as a single business engaged in related activities that were performed for a common business purpose through common control and/or a unified operation. Together, Defendants operate as and are a single enterprise under the FLSA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendants because Serra has asserted a claims arising under federal law.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

11. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing charges with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

## FLSA COVERAGE

12. At all times hereinafter mentioned, Serra was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

15. Serra was employed by Defendants as a Sales Development Representative from approximately June 4, 2018 until her termination on May 16, 2019.

16. At all times Serra met or exceeded Defendant's expectations of performance.

17. During the course of her employment, Serra was subjected to disparate treatment because of her disability

18. Serra regularly worked in excess of 40 hours in a single workweek.

19. Throughout her employment, Defendants paid Serra a salary of $45,000 plus commissions.

20. Serra did not perform duties that would make her exempt from the overtime provisions of the FLSA.

21. Despite the fact that Serra regularly worked in excess of forty (40) hours in a single workweek, Defendants never paid Serra the overtime premium required under the FLSA.

22. Serra suffers from a torn tendon and ligament in her right ankle.

23. In April 2019, Serra informed her direct supervisor, Kristy Lawless, and the Director, Jennifer Burdess, and HR representative Ryan Winthrop, that Serra suffers from this ankle injury and that this injury may require surgery in the future.

24. On May 13th and May 14th 2019, Serra inquired with Lawless and Burdess, about working from home for approximately two to four weeks following her surgery scheduled for May 31, 2019.

25. Several other Sales Development Representatives who work and/or worked for Defendants have worked from home, including one individual who works from home permanently.

26. Serra only requested that she be allowed to work from home temporarily while she recovered from her surgery.

27. In response to Serra's requested accommodation, Burdess rejected Serra's accommodation.

28. Knowing Serra would be on the pain medication hydrocodone following her surgery, Burdess said, "I'm not going to have anyone on drugs working for us."

29. Serra responded to Burdess's comment about "drugs" by informing Burdess that Serra had been taking Hydrocodone for weeks because her ankle was in such intense pain.

30. On or around this same date of May 13th and/or 14th, Serra repeated her request for the ability to work from home for a short time following her ankle surgery. This time, she made the request to Ryan Winthrop.

30. On May 16, 2019, Defendants terminated Serra's employment.

31. Defendants discriminated against Serra because of her disability, terminated her employment because of her disability, refused to accommodate her disability and refused to engage in the interactive process.

32. Defendants knowingly and intentionally discriminated against Serra in violation of the ADA.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

33. Serra hereby incorporates by reference Paragraphs 1 – 32 of this Complaint.

34. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 207 by failing to comply with the overtime requirements of the FLSA.  Defendants have acted willfully in failing to pay Serra in accordance with the law.

## COUNT II: VIOLATION OF THE ADA

35. Serra hereby incorporates by reference Paragraph 1 – 34 of this Complaint.

36. Serra is a qualified individual with a disability who is capable of performing all essential function of her job with Defendants.

37. Serra was wrongfully terminated from her employment due to her attempt to exercise his rights to under the ADA.  Serra's disability improperly motivated Defendants to terminate Serra's employment.

38. Defendants retaliated against Serra shortly after she engaged in activity protected by the ADA.

39. Defendants terminated Serra rather than engage with her in the interactive communication process required under the ADA.

40. Defendants failed and refused to make reasonable accommodations to Serra's known and/or perceived physical limitations, in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12112(b)(5)(A). The effect of Defendants' conduct has been to deprive Serra of equal employment opportunities and to deprive her of the same rights as are enjoyed by other citizens.

41. Defendants acted with intent, malice and/or reckless disregard of Serra's rights as protected by the ADA.

42. Serra has suffered, and continues to suffer, damages as a result of Defendants' unlawful actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shannon Serra, respectfully demands judgment against Defendants in her favor and requests that the Court grant the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Serra, in addition to liquidated damages equal in amount to the unpaid compensation due to Serra;

b) An Order awarding Serra the wages she lost and the value of any other benefits she lost as a result of her unlawful termination;

c) An Order awarding Serra liquidated damages in an amount equal to her lost wages as a penalty;

d) All relief available to Serra under the ADA;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

        s/Robert J. Hunt
        Robert J. Hunt, (#30686-49)
        Robert F. Hunt (#7889-84)
        The Law Office of Robert J. Hunt, LLC
        1905 South New Market Street, Suite 220
        Carmel, Indiana 46032
        Telephone:  (317) 743-0614
        Facsimile:  (317) 743-0615
        E-Mail:  rob@indianawagelaw.com
              rfh@indianawagelaw.com

        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Shannon Serra, by his counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

        s/Robert J. Hunt
        Robert J. Hunt (#30686-49)